UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNMARIE FIVECOAT,

    Plaintiff,

v.                                               Case No. 8:18-cv-1180-T-30AAS

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Annmarie Fivecoat seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), administrative record, pleadings, and joint memorandum the parties submitted, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

    Ms. Fivecoat applied for disability benefits because of a disability she claims began on September 28, 2013. (Tr. 190–91). Disability examiners denied her application initially and after reconsideration. (Tr. 101, 111). Ms. Fivecoat then requested and received a hearing before an ALJ, who found Ms. Fivecoat not disabled. (Tr. 12–27).

The Appeals Council denied Ms. Fivecoat's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 1–6). Ms. Fivecoat seeks judicial review of the Commissioner's final decision. (Doc. 1).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Ms. Fivecoat was fifty-one years old when she submitted her application for disability benefits. (Tr. 190–91). Ms. Fivecoat has a high school education and past relevant work experience as a general manager. (Tr. 22).

### B.   Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. § 404.1520(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. § 404.1520(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, then she has no severe impairment and is not disabled. § 404.1520(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, app. 1. Fourth, if a claimant's impairments do not prevent her from

---

[1] If the ALJ determines that the claimant is under a disability at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 404.1520(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. § 404.1572.

performing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing other work that exists in the national economy, then she is not disabled. § 404.1520(g).

The ALJ here determined Ms. Fivecoat had not engaged in substantial gainful activity from her alleged onset date (September 28, 2013) through her last-insured date (December 31, 2013). (Tr. 17). The ALJ found Ms. Fivecoat had these severe impairments: multiple sclerosis, hypertension, and arthritis. (*Id.*). Despite these impairments, the ALJ found Ms. Fivecoat's impairment or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 18).

The ALJ found Ms. Fivecoat had an RFC to perform sedentary work from September 28, 2013 through December 31, 2013.[4] (*Id.*). Specifically, Ms. Fivecoat could:

> [S]it for six hours and stand/walk up to two hours each in an 8-hour workday. [Ms. Fivecoat] can lift and carry up to 10 pounds. [Ms. Fivecoat] can never climb ropes, ladders or scaffolds; occasionally climb ramps and stairs; no

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite her limitations. § 404.1545.

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a).

3

> crawling; occasional kneeling; frequent bilateral manual dexterity functions (fine and gross manipulation) and, must avoid exposure to extreme heat and workplace hazards.

(*Id.*). Based on these findings, the testimony at the hearing, and the opinions of a vocational expert (VE), the ALJ determined Ms. Fivecoat could perform her past relevant work from September 28, 2013 through December 31, 2013. (Tr. 22). As a result, the ALJ found Ms. Fivecoat not disabled during that three-month period. (Tr. 23).

## III.   ANALYSIS

### A.   Standard of Review

Review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole

record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

    **B.**    **Issues on Appeal**

Ms. Fivecoat argues these six issues on appeal: (1) whether the ALJ properly considered the combined effect of Ms. Fivecoat's impairments (Doc. 12, pp. 8–10); (2) whether the ALJ posed a hypothetical to the VE that included all Ms. Fivecoat's impairments (*Id.* at pp. 10–13); (3) whether the ALJ properly weighed the opinions of Ms. Fivecoat's treating physicians Michael Franklin, M.D. and Corey Evans, M.D. (*Id.* at pp. 14–17); (4) whether the ALJ wrongly substituted his own opinion for that of physical therapist Zoltan Bouwhuis (*Id.* at pp. 22–23); (5) whether the ALJ adequately developed the duties of Ms. Fivecoat's past relevant work as a general manager (*Id.* at pp. 24–25); and (6) whether the ALJ properly considered Ms. Fivecoat's subjective statements of symptoms and limitations (*Id.* at pp. 26–28).

    **1.**    **Combined Effect of Ms. Fivecoat's Impairments**

Ms. Fivecoat argues the ALJ failed to properly consider the combined effect of her impairments in reaching his RFC determination. (Doc. 12, pp. 8–10). In response, the Commissioner contends the ALJ properly considered Ms. Fivecoat's impairments and substantial evidence supports the ALJ's disability determination. (*Id.* at p. 10).

5

At step three, an ALJ's statement he has considered the combined effect of a claimant's impairments is sufficient to establish the ALJ considered the impairments in combination throughout the sequential evaluation. *See Wilson v. Barnhart*, 284 F.3d 1219, 1224–25 (11th Cir. 2002). Here, the ALJ stated he considered the combined effect of Ms. Fivecoat's impairments, and he discussed those impairments and their functional limitations throughout his decision. (*See* Tr. 15–23); *see also Nichols v. Comm'r, Soc. Sec. Admin.*, 679 F. App'x 792, 797 (11th Cir. 2017) ("[I]t is readily apparent from the ALJ's exhaustive discussion of [the plaintiff's] various impairments and their functional limitations that the ALJ considered the combined effects of her impairments.").

At step four, the ALJ must determine a claimant's RFC and, based on that determination, decide whether the plaintiff can return to her previous work or perform other work that exists in significant numbers in the national economy. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002).

Ms. Fivecoat failed to demonstrate how her impairments, singly or in combination, caused additional limitations on her ability to work. (*See* Doc. 12, pp. 8–10). As reflected in the ALJ's discussion of the evidence, the record supports the ALJ's RFC determination. (*See* Tr. 15–23). Thus, remand is not required on this issue.

### 2.     Hypothetical Posed to the VE

Ms. Fivecoat argues the hypothetical posed to the VE does not include all her impairments. (Doc. 12, pp. 10–13). In response, the Commissioner contends the ALJ's RFC assessment (and the hypothetical question incorporating those limitations) is supported by substantial evidence. (*Id.* at pp. 13–14).

If the ALJ utilizes the testimony of a VE, the ALJ must pose to the VE an accurate hypothetical that considers all the claimant's impairments. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007). When the ALJ properly rejects unsupported impairments or limitations, the ALJ need not include those impairments or limitations in the hypothetical posed to the VE. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported"). The ALJ is not required to include subjective complaints in the hypothetical question. *Id.*

The ALJ posed to the VE a hypothetical that incorporated the functional limitations contained in the RFC. (Tr. 22–23, 71–74). In response to the hypothetical, the VE testified the hypothetical individual could perform the work of a general manager, as it is generally performed in the national economy. (*Id.*).

Ms. Fivecoat bears the burden of proving she could not perform her past relevant work from September 28, 2013 through December 31, 2013. *See Macia v. Brown*, 829 F.2d 1009 (11th Cir. 1987); *Jackson v. Bowen*, 801 F.2d 1291 (11th Cir. 1986). Ms. Fivecoat did not provide evidence proving she could not perform the work

of a general manager from September 28, 2013 through December 31, 2013. (*See* Doc. 12, pp. 10–13). Thus, the ALJ properly relied on the VE's testimony in response to the hypothetical and remand is not required on this issue.

### 3. Weight Assigned to the Opinions of Drs. Franklin and Evans

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted). In determining the weight to afford a medical opinion, the ALJ considers many factors including, but not limited to, the examining relationship, the treatment relationship, whether an opinion is well-supported, whether an opinion follows the record, and the area of the doctor's specialization. 20 C.F.R. § 404.1527(c). For instance, the more evidence a medical source presents to support an opinion, the more weight the ALJ should afford that medical opinion. § 404.1527(c)(3). Typically, the ALJ must afford the testimony of a treating physician substantial or considerable weight unless "good cause" is shown to the contrary. *Crawford*, 363 F.3d at 1159 (*per curiam*).

Good cause exists where: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the physician's own medical records. *Phillips*, 357 F.3d at 1240–41. The ALJ may reject any opinion when the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*).

Ms. Fivecoat contends the ALJ erred in failing to assign proper weight to Drs. Franklin's and Evans' treating opinions. (Doc. 12, pp. 10–14). In response, the Commissioner argues the ALJ properly considered the opinions of Drs. Franklin and Evans and accorded their opinions appropriate weight. (*Id.* at pp. 13–22).

### i.     Dr. Michael Franklin's Opinion

Dr. Franklin opined Ms. Fivecoat suffered from multiple sclerosis (MS) and could:

> walk one to two city blocks before needing rest, can sit for one hour before needing to get up, can stand 20 minutes before needing to sit, and can walk sit about four hours total and stand or walk about two hours total in an eight-hour day.

(Tr. 520–23). Dr. Franklin also opined Ms. Fivecoat did not need unscheduled breaks and she could occasionally lift less than 10 pounds, rarely lift 10 pounds, and never lift more; could rarely twist and never stoop, crouch, or climb ladders or stairs, but had no significant limitations in repetitive reaching, handling or fingering.[5] (Tr. 524). Dr. Franklin stated Ms. Fivecoat would miss over four days of work per month due to these limitations. (Tr. 525).

Opinions on issues such as whether the claimant is disabled and the claimant's RFC, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case, i.e. that would direct the determination or decision of disability." 20 C.F.R. §

---

[5] Contrary to Dr. Franklin's opinion that Ms. Fivecoat had no significant limitations in repetitive reaching, handling or fingering, Dr. Franklin opined Ms. Fivecoat could only grip or finger 50% of the time and reach 25% of the time. (Tr. 524).

9

404.1527(d); *see* SSR 96-5p. Opinions on issues reserved to the Commissioner are not entitled to controlling weight or special significance. *See* SSR 96-5p. "Giving controlling weight to such opinions . . . would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled." *Id.* To the extent Ms. Fivecoat contends the ALJ must include Dr. Franklin's imposed limitations in the RFC assessment, this argument fails.

The ALJ assigned Dr. Franklin's opinion little weight because it was inconsistent with Ms. Fivecoat's subjective statements and the other evidence in the record, including Dr Franklin's own records. (Tr. 19–21). For example, Dr. Franklin's opinion that Ms. Fivecoat could never stoop, crouch, or climb stairs, was contradicted by Ms. Fivecoat's statements. (*Id.*). Ms. Fivecoat testified she could oversee home renovations, she had no difficulty walking up or down ten steps or lifting a bag of groceries from the floor, and had minimal difficulty performing her usual housework. (Tr. 541). The ALJ also noted Ms. Fivecoat's ability to work out with a trainer to maintain her strength. (Tr. 20). Further, treatment records showed no significant decline in Ms. Fivecoat's MS or escalation of her symptoms. (Tr. 356–85, 416–41, 450–51, 458–73).

Ms. Fivecoat contends the ALJ erred in citing Dr. Franklin's notation that she can run a kilometer and she oversaw the renovations of two apartments. (Doc. 12, pp. 16–17). Although the ALJ stated Ms. Fivecoat could run a kilometer, the ALJ's referenced notation appears to be Ms. Fivecoat's goal and not an achievement. (Tr. 536). In addition, Ms. Fivecoat testified she had her home renovated and not two

10

apartments. (Tr. 67–68). The ALJ error, however, was harmless error. *See Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (*per curiam*) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)) (stating that an error may be harmless when it does not prejudice a claimant).

Substantial evidence supports the good cause provided by the ALJ for giving little weight to Dr. Franklin's opinion.

### ii. Dr. Corey Evans' Opinion

Ms. Fivecoat contends the ALJ committed reversible error because he did not explicitly state the weight he gave to Dr. Evans' opinion. (Doc. 12, p. 16). In response, the Commissioner points out Ms. Fivecoat briefly notes the ALJ did not assign weight to Dr. Evans' opinion, but she does not cite to what opinion he should have given weight. (*Id.* at p. 21).

The ALJ has an obligation to state with particularity the weight given to different medical opinions, and to explain the reasons for assigning such weight. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). That said, if failing to state or explain weight does not affect the ALJ's ultimate decision, it is harmless error and does not warrant remand. *Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016).

In *Colon*, the ALJ considered the opinions of six doctors and mental health professionals. *Id.* at 868. The court agreed the ALJ erred in failing to state the weight given to one of the doctor's opinions and in not mentioning the opinions of two other doctors. *Id.* at 870. Yet the court found the error harmless because "those medical opinions were consistent with the ALJ's conclusion." *Id.*; *see also Diorio v. Heckler*,

11

721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error doctrine when the "ALJ erred in not stating the particular weight that was given to Dr. Pothiawala's findings regarding his mental limitations and in not mentioning the findings of Dr. Keven and Dr. Marino").

Ms. Fivecoat contends the ALJ did not properly weigh Dr. Evans' opinion, but she does not specify which opinion. The ALJ considered Dr. Evans' treatment notes and referenced those notes demonstrating Ms. Fivecoat's MS diagnosis and some of her subjective complaints. (Tr. 20, 356–82). But Dr. Evans' treatment notes provide no functional limitations or additional opinions the ALJ needed to address specifically.

The ALJ's assessment of Ms. Fivecoat's limitations is consistent with Dr. Evans' opinions and Ms. Fivecoat failed to demonstrate how expressly assigning specific weight to any of Dr. Evans' opinions would change the overall result. (*See* Doc. 12, p. 16). Any error the ALJ committed by failing to assign weight to one of Dr. Evans' opinion was harmless and remand is not required.

Ms. Fivecoat further contends the ALJ erred in giving some weight to state agency consultant Barry Bercu. The ALJ found Dr. Bercu's opinion that Ms. Fivecoat could perform light work was inconsistent with other record evidence demonstrating Ms. Fivecoat was limited to sedentary work. (Tr. 21, 118–23). Although Ms. Fivecoat argues Dr. Bercu found there was insufficient record evidence, this statement was provided by the psychological review and not Dr. Bercu. (Tr. 118). The ALJ did not err in assessing Dr. Bercu's opinion.

12

\* \* \*

Good cause exists to assign less than controlling weight to Dr. Franklin's opinion because substantial evidence supports a contrary finding. And the ALJ's failure to assign specific weight to Dr. Evans is harmless. The ALJ therefore committed no reversible error.

### 4. Evaluation of Physical Therapist Zoltan Bouwhuis' Opinion

Ms. Fivecoat contends the ALJ improperly substituted his judgment for that of the physical therapist Mr. Bouwhuis. (Doc. 12, pp. 22–23). In response, the Commissioner states the ALJ did not just choose evidence from Mr. Bouwhuis' opinion. (*Id.* at pp. 23–24). Instead, the ALJ properly explained the portions of Mr. Bouwhuis' opinion that were consistent with the other evidence in the record and gave more weight to those portions of the opinion. (*Id.*).

The ALJ specifically considered Mr. Bouwhuis' medical notes and gave "some weight" to his opinion that her activities would likely be limited at the end of the day. (Tr. 20–22). The ALJ did not act as a doctor but simply performed his duty of weighing all the evidence of record and resolving the inconsistencies when reaching his RFC determination. *See* 20 C.F.R. §§ 404.1520b, 404.1527, 404.1545. Thus, remand is not required on this issue.

### 5. Ms. Fivecoat's Past Relevant Work

Ms. Fivecoat contends the ALJ did not properly develop the duties of her past relevant work because her job as a general manager was performed as a composite job, which included duties of a marketing/sales director. (Doc. 12, pp. 24–25). In

13

response, the Commissioner asserts the ALJ properly found Ms. Fivecoat could perform the work of a general manager as it is generally performed in the national economy. (*Id.* at pp. 25–26).

Although Ms. Fivecoat claims she performed the job of general manager with additional duties beyond those generally required for the job, this does not preempt Ms. Fivecoat from performing the job of general manager as generally performed in the national economy.[6] *See* SSR 82-61, 1982 WL 31387. Ms. Fivecoat also failed to show that the duties of a sales/marketing director were main duties in the position as a general manager. *See Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954–55 (11th Cir. 2018).

Ms. Fivecoat testified she worked as a general manager doing administrative office tasks, including such things as preparing reports. (Tr. 42, 57–58). In the documents submitted to support her application for disability benefits, Ms. Fivecoat listed her past work as banquet manager, director of sales and marketing, and general manager. (Tr. 207, 222). Ms. Fivecoat then explained the different duties required in each job. (Tr. 223–26). Thus, it appears Ms. Fivecoat served in these various positions at different times and not as one composite job. (Tr. 207, 222).

In any event, the ALJ properly found Ms. Fivecoat had past relevant work as a general manager and her RFC did not preclude the performance of this job as

---

[6] The VE also testified the job of a general manager was classified by the Dictionary of Occupational Titles as a sedentary job. (Tr. 71–74).

14

generally performed in the national economy. Thus, remand is not required on this issue.[7]

### 6. Ms. Fivecoat's Subjective Complaints

Ms. Fivecoat argues the ALJ erred in referring to her daily activities as a basis for rejecting her statements about her symptoms and their resulting limitations. (Doc. 12, pp. 26–28). In response, the Commissioner contends the ALJ articulated adequate reasons, supported by substantial evidence, for finding Ms. Fivecoat's subjective complaints not entirely consistent with the record. (*Id.* at pp. 28–31).

To establish disability based on testimony about pain and other symptoms, the claimant must show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d at 1225. In considering a claimant's subjective complaints, the ALJ may consider whether any inconsistencies exist in the evidence and the extent to which any conflicts exist between a claimant's statements and the rest of the evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). The ALJ may reject

---

[7] Ms. Fivecoat makes a cursory argument that the ALJ did not make specific findings about the mental demands of a general manager. However, Ms. Fivecoat's RFC does not include mental limitations. (*See* Tr. 18). Because this argument is not developed, it is waived. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n. 3 (11th Cir. 2006) (noting that an issue was waived because the claimant did not elaborate on the claim or provide citation to authority about the claim); *N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citations to authorities, are generally deemed to be waived.").

15

testimony about subjective complaints, but that rejection must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

The ALJ determined Ms. Fivecoat's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Ms. Fivecoat's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record for the time period of September 28, 2013 through December 31, 2013. (Tr. 19). The ALJ thoroughly addressed the medical records and other evidence in support of his evaluation of Ms. Fivecoat's subjective statements. (*See* Tr. 17–22).

Participation in daily activities of short duration does not necessarily disqualify a claimant from disability. *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997). However, an ALJ may consider a claimant's daily activities when evaluating her subjective symptoms. *See Hoffman v. Astrue*, 259 F. App'x 213, 219 (11th Cir. 2007) (noting Lewis' holding does not mean it is improper for an ALJ to consider a claimant's daily activities at all); 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (identifying claimant's daily activities as one factor relevant to evaluating symptoms); SSR 16-3p (same). Ms. Fivecoat testified she could drive twelve miles to the gym, occasionally went to friends' houses, entertained during the holidays, and had a small circle of friends she socialized with twice a month. (Tr. 48–52).

The ALJ provided adequate reasons, supported by substantial evidence, for finding Ms. Fivecoat's statements about the severity of her impairments during the

16

relevant time period of September 28, 2013 through December 31, 2013 were inconsistent with medical evidence and other evidence of record. The ALJ therefore committed no error in his consideration of Ms. Fivecoat's subjective complaints.

## IV. CONCLUSION

The decision of the Commissioner is supported by substantial evidence and does not contain reversible error. The Commissioner's decision should therefore be **AFFIRMED**, and the case should be **DISMISSED**.

**RECOMMENDED** in Tampa, Florida, on July 3, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of this service bars an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).